IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HEATHER GILLMAN, through next
friend and mother Ardena Gillman,

    Plaintiff,

vs.                                                           Case No. 5:08-cv-34 RS/MD

SCHOOL BOARD FOR HOLMES COUNTY,
FLORIDA, and DAVID DAVIS, in his official
capacity as Principal of Ponce de Leon High
School,

    Defendants.
_____/

## DEFENDANT SCHOOL BOARD FOR HOLMES COUNTY, FLORIDA'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant SCHOOL BOARD FOR HOLMES COUNTY, FLORIDA ("the Board"), by and through its undersigned counsel and pursuant to Rule 12, Federal Rules of Civil Procedure, answers the numbered paragraphs of the Complaint, and interposes affirmative defenses as follows:

    1.    The allegations of paragraph 1 are admitted for jurisdictional purposes.

    2.    The Board denies Plaintiff's characterization of the issue(s) in this case as alleged in paragraph 2.

    3.    The Board admits that display of the symbols and slogans detailed in paragraph 2 have been prohibited based on a series of disruptions occurring in September 2007. The Board denies the remaining allegations of paragraph 3.

    4.    The Board denies the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. The Board admits the allegations of paragraph 5 for jurisdictional purposes. The Board denies that Plaintiff's rights have been violated.

6. The Board admits the allegations of paragraph 6.

7. The Board admits the allegations of paragraph 7 for jurisdictional purposes. The Board denies that it has committed any unlawful practices.

## PARTIES

8. The Board admits the allegations of paragraph 8, with qualification. Plaintiff remains subject to the authority and directives of Defendants only during school hours and in other limited circumstances as proscribed by Florida Statutes.

9. The Board admits the allegations of paragraph 9.

10. The Board admits the allegations of paragraph 10.

11. The Board admits the allegations of paragraph 11.

## GENERAL ALLEGATIONS

12. The Board admits that a student identified in the Complaint as "Jane Doe" spoke with a teacher's aide on or about Thursday, September 6, 2007, and further admits that Jane Doe told the teacher's aide that other students were picking on her during lunch, calling her "gay" and "lesbian." However, the Board is without knowledge as to and therefore denies the remaining allegations of paragraph 12.

13. The Board admits that on Monday, September 10, 2007, Defendant Davis spoke with Jane Doe in his office and further admits that Defendant Davis asked Jane Doe what she had said to the teacher's aide and that Defendant Davis inquired as to the

names of the students that had been teasing Jane Doe. However, the Board denies the remaining allegations of paragraph 13.

14. The Board admits that several students wrote "GP" and "Gay Pride" on their arms. The Board further admits that an assembly was scheduled to and did occur on Wednesday, September 12, 2007. The Board is without knowledge as to what Jane Doe may have told her fellow students and therefore denies this allegation. The Board denies the remaining allegations of paragraph 14.

15. The Board is without knowledge as to and therefore denies the allegations of paragraph 15.

16. The Board admits that an assembly occurred on Wednesday, September 12, 2007. The Board is without knowledge as to and therefore, denies the remaining allegations of paragraph 16.

17. The Board admits that Defendant Davis conducted an investigation into the September 2007 disruptions. The Board denies the remaining allegations of paragraph 17.

18. The Board admits that Defendant Davis talked with Plaintiff's cousin as a part of his investigation into the September 2007 disturbances. The Board denies the remaining allegations of paragraph 18.

19. The Board admits that eight students were suspended as a result of Defendant Davis' investigation. The Board denies remaining allegations of paragraph 19.

20. The Board is without knowledge as to and therefore denies the allegations of paragraph 20.

21. The Board admits that Plaintiff's counsel sent a letter dated November 2, 2007 to the Board, through its attorney, and that the November 2, 2007 letter is attached to the Complaint as Exhibit 1. The Board denies the remaining allegations of paragraph 21.

22. The Board admits that it, through its attorney, sent a letter dated November 12, 2007 to Plaintiff's counsel, and that the November 12, 2007 letter is attached to the Complaint as Exhibit 2. The Board denies the remaining allegations of paragraph 22.

23. The Board denies the allegations of paragraph 23.

24. The Board denies the allegations of paragraph 24.

25. The Board denies the allegations of paragraph 25.

26. The Board denies the allegations of paragraph 26.

27. The Board denies the allegations of paragraph 27.

## FIRST CLAIM FOR RELIEF

28-32. The claims contained within the First Claim for Relief, paragraphs 28 through 32, do not pertain to the Board and, accordingly, no response is required.

## SECOND CLAIM FOR RELIEF

33. The Board realleges and incorporates by reference its responses to paragraphs 1-32.

34. The Board denies the allegations of paragraph 34.

35. The Board denies the allegations of paragraph 35.

36. The Board denies the allegations of paragraph 36.

37. The Board denies the allegations of paragraph 37.

The Board denies that Plaintiff is entitled to any of the relief requested in her Prayer for Relief.

Any allegation of the Complaint not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Board's decision to prohibit the symbols and slogans identified in the November 2, 2007 letter from Plaintiff's counsel was justified, as the decision was based on its reasonable belief that such symbols and slogans would cause substantial disruption of and material interference with school activities and the work and discipline of the school.

### Second Affirmative Defense

At no time did the Board actually deprive Plaintiff of any clearly established constitutional right.

### Third Affirmative Defense

The Board is not liable on the basis of vicarious liability, joint and several liability or *respondeat superior.*

### Fourth Affirmative Defense

The challenged policies are not facially unconstitutional, vague, or overbroad as they do not result in "chilling" of a substantial amount of legitimate protected speech, nor do they fail to give fair and adequate notice of proscribed conduct.

### Fifth Affirmative Defense

As applied, the challenged policies have not been enforced in an arbitrary or discriminatory manner.

### Sixth Affirmative Defense

The challenged policies are necessary to serve a compelling state interest and are narrowly drawn to achieve that end.

### Seventh Affirmative Defense

The challenged policies are not overbroad, as the meaning of the policies is clear and persons of common intelligence would not necessarily guess at their meaning or differ as to their application.

### Eighth Affirmative Defense

The challenged policies are based on neutral and nondiscretionary criteria, without specific content restrictions.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in part, by her lack of standing to bring the subject action.

Respectfully submitted this 21st day of February, 2008.

**COPPINS MONROE ADKINS DINCMAN & SPELLMAN, P.A.**

BY:*s/Holly A Dincman*
Holly A. Dincman, FBN: 0115614
Michael P. Spellman, FBN: 0937975
1319 Thomaswood Drive
Tallahassee, Florida 32308
(850) 422-2420 (Telephone)
(850) 422-2730 (Facsimile)
hdincman@coppinsmonroe.com
mspellman@coppinsmonroe.com
ATTORNEYS FOR DEFENDANTS HOLMES COUNTY SCHOOL BOARD
AND DAVID DAVIS, IN HIS OFFICIAL CAPACITY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was furnished via CM/ECF electronic mail this 21st day of February 2008 to:

Benjamin James Stevenson
American Civil Liberties
Union Foundation of Florida
PO Box 12723
Pensacola, FL 32591-2723

Randall C. Marshall
Robert F. Rosenwald, Jr.
American Civil Liberties
Union
Foundation of Florida
4500 Biscayne Blvd.,
Suite 340
Miami, FL 33137

Christine P. Sun
ACLU LGBT Rights
Project
P.O. Box 120160
Nashville, TN 37212

Maura Miller, Esq.
Vincent Yang Liu, Esq.
Sullivan & Cromwell
125 Broad Street
New York, NY 10004-2400

*s/Holly A. Dincman*
Attorney