IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HEATHER GILLMAN, through next
friend and mother Ardena Gillman;

    Plaintiff,

vs.                                      Case No.  5:08-cv-34 RS/MD

SCHOOL BOARD FOR HOLMES COUNTY,
FLORIDA, and DAVID DAVIS, in his official
capacity as Principal of Ponce de Leon High
School,

    Defendants.
_____/

## **DEFENDANT DAVID DAVIS' MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW, Defendant DAVID DAVIS ("Davis"), in his official capacity, by and through his undersigned counsel and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure and N.D.Fla.Loc.R. 7.1(A), moves for dismissal of the Complaint against him, and in support of this motion, states:

1. Plaintiff filed a two-count Complaint against the School Board for Holmes County, Florida ("the Board") and Davis on January 31, 2008. [Doc. 1]. Count I is an action against Davis, in his official capacity as Principal of Ponce de Leon High School, (the "High School") brought pursuant to 42 U.S.C. §1983 for alleged violations of Plaintiff's free speech rights under the First and Fourteenth Amendments to the U.S. Constitution. Count II alleges an action under 42

U.S.C. § 1983 against the Board for the same free speech rights under the theory that the Board ratified Davis' actions.

2. Plaintiff is an eleventh grade student at the High School, located in Ponce de Leon, Florida. She contends that Davis has forbidden students from wearing clothing or writing phrases expressing support for gays and lesbians. [Doc. 1, ¶ 30]. Plaintiff also contends that Davis' alleged actions are motivated by personal anti-gay animus and constitute unlawful viewpoint discrimination. [Doc. 1, ¶ 31]. She further contends that the Board ratified Davis' alleged actions and, consequently, has violated her First Amendment free speech rights. [Doc. 1, ¶¶ 33-37].

3. The Board is organized under Florida law as a "unit for the control, organization, and administration of schools;" and has the power to "contract, sue, and be sued." Sections 1001.30, 1001.41(4), Florida Statutes (2007).

4. Naming Davis as a defendant in his official capacity is a legal redundancy, as the Board is capable of being sued directly as a distinct and separate unit of government. The claim against Davis should be dismissed for this reason. Controlling precedent in this Circuit is clear that official capacity suits against public officers are unnecessary since the Board is directly subject to suit. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

5. Additionally, Plaintiff fails to allege that Davis is a final policymaker for the Board, which subjects the Complaint to dismissal. *Baxter v. Vigo Co. Sch.*

*Corp.*, 26 F.3d 728 (7th Cir. 1994)(dismissing official capacity complaint against school principal where there was no allegation that principal was final policymaker).

WHEREFORE, Defendant David Davis, in his official capacity, seeks dismissal of the claim against him and dismissal as a party-defendant.

## MEMORANDUM OF LAW

Pursuant to N.D.Fla.Loc.R. 7.1(A), Defendant Davis files the following memorandum of law in support of his Motion to Dismiss.

## I. Introduction

This action stems from a series of on-campus disruptions caused by several middle-school and high-school students at the High School beginning in September, 2007. The students, purporting to act in favor of gay and lesbian rights, planned a protest and walk-out of a school assembly, used class time to create and distribute petitions, made signs, and coerced other students into protesting; made plans to vandalize school property, and did, in fact, vandalize school property. In response to the disruptions, Defendant Davis, as Principal, instituted an investigation that ultimately resulted in the suspension of eight (8) students in late-September, 2007.

Following the events of September 2007, the ACLU, on behalf of Plaintiff and her cousin[1], wrote a letter to the Board via its general counsel asking for the Board's position on Plaintiff's wearing or display of a variety of pro-gay symbols

---
[1] Plaintiff was not involved in the September 2007 investigation, nor was she suspended. Her cousin, who is not a party to this action, was one of the eight (8) students who were suspended.

and slogans. Through its counsel, the Board responded to Plaintiff's counsel that that symbols and slogans would be prohibited in light of the disruptions that occurred in September 2007 and the likelihood that further disruption would occur. This suit followed.

## II. Standard of Review

As a general rule, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss the allegations set forth in a complaint, the court must view the complaint in a light most favorable to the plaintiff. However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of that claim is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991).

## III. Argument

In this suit, Plaintiff has sued Davis in his official capacity as the High School's principal. [Doc. 1, ¶¶ 28-32]. In addition, Plaintiff has sued the Board, and alleged facts throughout her complaint against the Board and Davis jointly. [Doc. 1, ¶¶ 8, 23-26]. The jointly-alleged facts are typical of allegations used to attach governmental liability in cases, such as this one, which set forth violations of Section 1983. In particular, Plaintiff alleges:

> 23. Heather desired and continues to desire to express her support for the fair treatment of gays and lesbians. But for

> Defendants' verbal and written instructions and her reasonable fear that she will be disciplined for doing so, Heather would have expressed and would express at school her support the fair treatment of gays and lesbians using one or more of the phrases or symbols listed in the November 2, 2007, letter (Exhibit 1). Heather has abstained and continues to abstain from expressing her political beliefs concerning gays and lesbians using the phrases and symbols listed in the November 2, 2007 letter (Exhibit 1) out of reasonable fear that she will be disciplined for violating the Defendants' unlawful policies and practices or out of retaliation by the Defendants for engaging in her free speech rights.
>
> 24. Defendants' written and verbal prohibitions against engaging in the expression showing support for the respect, equal treatment, and acceptance of gays and lesbians, such as the symbols and phrases listed in the November 2, 2007, letter (Exhibit 1), impermissibly infringe and constitute an impermissible chill on Plaintiff's freedom of speech.
>
> 25. The Defendants' policies concerning "illegal organizations" or "secret societies" are void for vagueness, overbroad, and unconstitutional, facially and as applied to the contested phrases and symbols. By banning and imposing a prior restraint on all speech concerning activities that are not school related or school sponsored, the policies on their face create an impermissible risk of suppression of ideas, penalize a substantial amount of speech that is constitutionally protected, and fail to give fair notice of what is prohibited. As applied to the contested phrases and symbols, Plaintiff is unaware of any secret society or unlawful organization that uses any of the contested phrases or symbols as indications of membership.
>
> 26. Unless restrained by this Court, Plaintiff will continue to be subject to punishment for her lawful exercise of their First Amendment right to express support for the fair treatment of gays and lesbians. Plaintiff has been and will continue to be irreparably harmed by the Defendants' denial of her fundamental constitutional rights.

[Doc. 1, ¶¶ 23-26].

A suit against a governmental officer in his official capacity, such as that alleged here against Davis, is tantamount to a suit directly against the Board. *Kentucky v. Graham*, 473 U.S. 159 (1985). In *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991), the Eleventh Circuit dismissed individual defendants who had been sued in their official capacities, and held, "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." See also *Smith v. Allen*, 502 F.3d 1255, 1272-72 (11th Cir. 2007); *Snow v. City of Citronelle*, 420 F.3d 1262, 1270 (11th Cir. 2005); *Stoddard v. Fla. Bd. of Bar Examiners*, 509 F.Supp.2d 1117, 1123-24 (N.D.Fla. 2006); *Roy v. Fulton Co. Sch. Dist.*, 509 F.Supp.2d 1316, 1322 (N.D. Ga. 2007); *McCloud v. Fortune*, 2005 U.S. Dist. LEXIS 14841 *17 (N.D. Fla. 2005), *aff'd*, 2008 U.S. App. LEXIS 1091 (11th Cir. 2008); *Children A&B v. State*, 355 F.Supp.2d 1298, 1300-01 (N.D.Fla. 2004); *Nelson v. City of Panama City*, 176 F.Supp.2d 1288, 1290 (N.D.Fla. 2001).

Based on the parties' conferral prior to the filing of this motion, Davis anticipates that Plaintiff will argue that the claim against Davis in his official capacity should remain because Plaintiff makes a claim of viewpoint discrimination asserting that Davis regulated student speech based on Davis' alleged personal anti-gay bias. Notably, there is no allegation in the Complaint that Davis took any direct action against Plaintiff, verbally or in writing, because

he did not. He did not interview, suspend, or directly address Plaintiff in any way regarding the issues raised in the Complaint. Additionally, there is no allegation that Davis is a final policymaker for purposes of attaching *Monell* liability, which is fatal to the official capacity claim. *Baxter v. Vigo Co. Sch. Corp.*, 26 F.3d 728 (7th Cir. 1994)(dismissing official capacity complaint against school principal where there was no allegation that principal was final policymaker).

The claim of viewpoint discrimination runs to Davis only in his individual capacity based on actions taken with respect to Plaintiff, which there are none, or perhaps to the Board on a ratification theory, which is already contained in Count II of the Complaint. *Sullivan v. Chastain*, 2005 U.S.Dist. LEXIS 10288 (W.D.Tx. 2005); *Morse v. Frederick*, 127 S.C. 2618, 2639-43, 168 L. Ed. 2d 290 (2007)(addressing viewpoint discrimination by principal in context of qualified immunity analysis on individual liability claim); *Holloman v. Harland*, 370 F.3d 1252, 1282 (11th Cir. 2004).

In the present case, Plaintiff's allegations make clear that she hinges the liability of the Board and Davis on the same set of facts, as demonstrated above. Under jurisprudence in this Circuit, such allegations are inappropriate. Therefore, Davis should be dismissed.

### IV.  Conclusion

For the foregoing reasons, Defendant Davis respectfully requests that the Court dismiss the claim against him and dismiss him as a party to this action.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(B), the undersigned has conferred with Plaintiff's counsel Benjamin Stevenson in a good faith attempt to resolve by agreement the issues raised in this motion. Mr. Stevenson has indicated that Plaintiff opposes this motion.

Respectfully submitted this 21st day of February, 2008.

**COPPINS MONROE ADKINS DINCMAN & SPELLMAN, P.A.**

BY: *s/Holly A Dincman*
Holly A. Dincman, FBN: 0115614
Michael P. Spellman, FBN: 0937975
Post Office Box 14447
1319 Thomaswood Drive
Tallahassee, Florida 32308
(850) 422-2420 (Telephone)
(850) 422-2730 (Facsimile)
hdincman@coppinsmonroe.com
mspellman@coppinsmonroe.com
ATTORNEYS FOR DEFENDANTS
HOLMES COUNTY SCHOOL BOARD
AND DAVID DAVIS, IN HIS OFFICIAL
CAPACITY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was furnished this 21st day of February 2008 to:

| **via CM/ECF**<br>Benjamin James Stevenson<br>American Civil Liberties Union Foundation of Florida<br>PO Box 12723<br>Pensacola, FL  32591-2723 | **via CM/ECF**<br>Randall C. Marshall<br>Robert F. Rosenwald, Jr.<br>American Civil Liberties Union<br>Foundation of Florida<br>4500 Biscayne Blvd., Suite 340<br>Miami, FL  33137 | **via CM/ECF**<br>Christine P. Sun<br>ACLU LGBT Rights Project<br>P.O. Box 120160<br>Nashville, TN  37212 |
|---|---|---|
| **via CM/ECF**<br>Maura Miller, Esq.<br>Vincent Yang Liu, Esq.<br>Sullivan & Cromwell<br>125 Broad Street<br>New York, NY 10004-2400 | | |

*s/Holly A. Dincman*
Attorney