IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HEATHER GILLMAN, through next
friend and mother Ardena Gillman;

    Plaintiff,

vs.                                                     Case No. 5:08-cv-34/RS-MD

SCHOOL BOARD FOR HOLMES COUNTY,
FLORIDA,

    Defendant.
_____/

## **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Defendant School Board for Holmes County, Florida ("the School Board") moves for partial summary judgment on two of the claims against it, and states:

1. Plaintiff Heather Gillman ("Plaintiff") brings a First Amendment challenge to the School Board's decision to ban certain symbols and slogans related to gay rights at Ponce de Leon High School ("PDL") based on disruptions that occurred at PDL in September 2007.

2. The case is brought pursuant to 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution under three theories:

    a)     that the School Board's decision to ban the symbols and slogans resulted in violation of Plaintiff's right to free speech under the Constitution;

    b)     that the School Board has engaged in impermissible viewpoint discrimination by either i) delegating final policymaking authority to PDL

Principal David Davis ("Mr. Davis"), ii) by ratifying Mr. Davis' alleged constitutionally impermissible motives; iii) through imposition of the School Board's own constitutionally impermissible motives; or iv) on a theory that the School Board acted with deliberate indifference to the alleged impermissible motives of Mr. Davis, resulting in known or obvious violation of Plaintiff's constitutional rights; and

c) that the School Board's policies regarding "illegal organizations" and "secret societies" are impermissibly vague, overbroad, and unconstitutional on their face and as applied to Plaintiff. The School Board moves for summary judgment on the first two theories.

3. The School Board's suppression of student speech in this case is justified under the standard created by the U.S. Supreme Court in *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) and its progeny in light of the School Board's reasonable forecast of material disruption and substantial disorder based on the disruptions that occurred at PDL in September 2007.

4. Under the *Tinker* standard, school officials may permissibly impose content-specific restrictions on speech that otherwise would be protected under the First Amendment if sufficient evidence exists to allow the officials to reasonably forecast that the speech, if allowed, would materially disrupt classwork or involve substantial disorder or invasion of the rights of others. *Id.*

5. Applying the *Tinker* standard and the guidelines for application of *Tinker* established by subsequent precedent, it becomes apparent that the School Board's actions

were reasonable in light of the events of September 2007; the School Board should be awarded summary judgment on Plaintiff's First Amendment claims for this reason.

6. The School Board is entitled to summary judgment on Plaintiff's viewpoint discrimination claim because there is no available theory, whether based on the School Board's own alleged constitutionally impermissible motives or a custom, delegation, ratification or deliberate indifference theory that results in liability for the School Board.

7. As to Plaintiff's attempt to use an official policy theory to establish viewpoint discrimination, there is no evidence that the School Board acted with a constitutionally impermissible motive as Plaintiff cannot demonstrate that a majority of the School Board decided to ban the symbols and slogans at issue based on a constitutionally impermissible motive.

8. Likewise, Plaintiff cannot prevail on a custom theory for her viewpoint discrimination claim in the absence of evidence of frequent, repeated constitutional violations by an employee over time, which does not exist in this case.

9. Moreover, the School Board is entitled to summary judgment on a delegation theory of viewpoint discrimination, as there is no evidence that the School Board delegated final policymaking authority to Principal David Davis. Specifically, Mr. Davis did not take any action to deprive Plaintiff of her constitutional rights, and even if he had, such action would be subject to review by the Superintendent and the School Board.

10. Summary judgment should be granted to the School Board on Plaintiff's claim of deliberate indifference as there is no evidence that the School Board acted with deliberate indifference to a known or obvious violation of Plaintiff's constitutional right.

11. The Eleventh Circuit has held that "in order to establish deliberate indifference, plaintiff must be able to allege (and prove at trial) that the defendant (1) was objectively aware of a risk of serious harm; (2) recklessly disregarded the risk of harm; and (3) this conduct was more than merely negligent. *Maldonado v. Snead*, 168 Fed. Appx. 373 (11th Cir. 2006). Plaintiff does not have adequate evidence to meet any of the required elements to prove her claim of viewpoint discrimination under this theory.

12. The final theory Plaintiff may use to sustain a claim of viewpoint discrimination is ratification. To state a successful § 1983 claim against the School Board based on a ratification theory Plaintiff must demonstrate that the School Board had an opportunity to review Principal Davis' decision and agreed with both the decision and the decision's basis. *Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1189 (11th Cir. 2004).

13. There is no evidence to support such a theory in this case given the absence of a connection between the alleged acts of Principal Davis and Plaintiff and the evidence that the School Board acted wholly without knowledge of or consideration of any *alleged* impermissible motivation that Principal Davis may have possessed.

WHEREFORE, Defendant SCHOOL BOARD FOR HOLMES COUNTY FLORIDA, respectfully requests that this Court enter summary judgment in its favor as

to Plaintiff's claims of violation of her First Amendment right to free speech and viewpoint discrimination.

Respectfully submitted this 28th day of April, 2008.

**COPPINS MONROE ADKINS DINCMAN & SPELLMAN, P.A.**

BY:s/*Holly A. Dincman*
Holly A. Dincman, FBN: 0115614
Michael P. Spellman, FBN: 0937975
Donald C. Freeman, FBN: 0736171
1319 Thomaswood Drive
Tallahassee, Florida 32308
(850) 422-2420 (Telephone)
(850) 422-2730 (Facsimile)
hdincman@coppinsmonroe.com
mspellman@coppinsmonroe.com
dfreeman@coppinsmonroe.com
ATTORNEYS FOR DEFENDANTS HOLMES COUNTY SCHOOL BOARD

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished this 28th day of April 2008 by CM/ECF to:

| | | |
|---|---|---|
| Benjamin James Stevenson<br>American Civil Liberties Union Foundation of Florida<br>PO Box 12723<br>Pensacola, FL 32591-2723 | Randall C. Marshall<br>Robert F. Rosenwald, Jr.<br>American Civil Liberties Union Foundation of Florida<br>4500 Biscayne Blvd., Suite 340<br>Miami, FL 33137 | Christine P. Sun<br>ACLU LGBT Rights Project<br>P.O. Box 120160<br>Nashville, TN 37212 |
| Garrard R. Beeney, Esq.<br>Maura Miller, Esq.<br>Thomas L. Laughlin, Esq.<br>Vincent Yang Liu, Esq.<br>Meg D. Holzer, Esq.<br>Sullivan & Cromwell<br>125 Broad Street<br>New York, NY 10004-2400 | | |

s/*Holly A. Dincman*
Attorney