**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

HEATHER GILLMAN, through next
friend and mother Ardena Gillman,

    Plaintiff,

vs.        CASE NO. 5:08cv34-RS-MD

SCHOOL BOARD FOR HOLMES
COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Before me are (1) Plaintiff's Motion for Summary Judgment (Doc. 57) and (2) Defendant's Motion for Partial Summary Judgment (Doc. 62).

Each party requests that partial summary judgment be entered in its favor on Plaintiff's claim that Defendant has violated her right to free speech under the First Amendment to the federal Constitution.[1]  Defendant's motion additionally requests that partial summary judgment be entered in its favor on Plaintiff's claim that the School Board has engaged in impermissible viewpoint discrimination.  The School

---

[1] Plaintiff also asserted a cause of action for viewpoint discrimination. According to Plaintiff's motion for summary judgment, however, "[b]ecause the factual record on that claim is not developed and is subject to additional testimony anticipated from Principal David Davis, Ms. Gillman is not by this motion seeking summary judgment on that portion of her claim." (Mot., Doc. 57:7 n. 1.)

Board contends that it is not liable for the actions of an unnamed defendant, the principal of Ponce de Leon High School.[2]

Pursuant to Fed. R. Civ. P. 56(d), I find that genuine disputes of material fact exist on the following issues:

**Free Speech Claim**

1.  Whether the speech at issue is "lewd, vulgar, or plainly offensive."

2.  Whether the facts could cause a reasonable educator to forecast that the speech at issue might materially and substantially disrupt the work, activities, discipline, educational mission, or rights of others at Ponce de Leon High School.

3.  Whether a sufficient nexus exists between the speech at issue and the alleged disruptions.

4.  Whether Defendant is punishing Plaintiff for the disruptions of other students.

5.  The significance, or lack thereof, of the range of ages (grades six through twelve) among the students at the school in determining the propriety of the speech.

---

[2]Defendant does not request summary judgment on Plaintiff's claim that Defendant's policies relating to "illegal organizations" and "secret societies" are impermissibly vague, overbroad, and unconstitutional on their faces and as applied to Plaintiff.

**Viewpoint Discrimination Claim**

1. Whether the facts are sufficient to impute liability to the School Board for the alleged actions of the principal, an unnamed defendant, under theories of ratification, delegation, deliberate indifference, or practice, policy, and custom.

Accordingly, because I find that genuine disputes of material facts exist and that neither movant is entitled to judgment as a matter of law on any claim for which summary judgment has been requested, the cross-motions for partial summary judgment (Docs. 57 & 62) are **DENIED**.

**ORDERED** on May 1, 2008.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**